IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ST. JUDE MEDICAL S.C., INC.**, <br><br>  Plaintiff, <br><br> v. <br><br> **LOUISE MARIE JANSSEN-COUNOTTE**, <br><br>  Defendant, <br><br> and <br><br> **BIOTRONIK, INC.**, <br><br>  Third-Party Subpoena Recipient. | Case No. 3:15-mc-00099-SI <br><br> **ORDER APPOINTING SPECIAL MASTER FOR THIRD-PARTY DISCOVERY CONCERNING BIOTRONIK, INC.** <br><br> (Principal case pending in U.S. District Court, Western District of Texas, Austin Div., Case No. A-14-CA-877-SS) |

Paul A. C. Berg, COSGRAVE VERGEER KESTER LLP, 888 S.W. Fifth Avenue, Suite 500, Portland, OR 97204; Stephen M. Nickelsburg and Roni Bergoffen, CLIFFORD CHANCE US LLP, 2001 K Street NW, Washington, DC 20006-1001; M. Scott Incerto and James I. Hughes, NORTON ROSE FULBRIGHT US LLP, 98 San Jacinto Boulevard, Suite 1100, Austin, TX 78701-4255; Layne E. Kruse and Darryl W. Anderson, NORTON ROSE FULBRIGHT US LLP, 1301 McKinney, Suite 5100, Houston, TX 77010-3095. Of Attorneys for Plaintiff.

Sean Donahue, DONAHUE & ASSOCIATES, One S.W. Columbia Street, Suite 1625, Portland, OR 97258-2021; James Maldonado, Corporate Counsel, BIOTRONIK, INC. Of Attorneys for Third-Party Subpoena Recipient Biotronik, Inc.

No appearance was entered by Defendant Louise Marie Janssen-Counotte.

**Michael H. Simon, District Judge.**

PAGE 1 – ORDER APPOINTING SPECIAL MASTER

For the reasons stated in the Court's Opinion and Order on Motion to Compel Compliance with Third-Party Subpoena, dated March 23, 2015 (Dkt. 19), pursuant to Rule 53 of the Federal Rules of Civil Procedure:

IT IS HEREBY ORDERED:

1. David P.R. Symes of LITTLER MENDELSON, P.C., 121 S.W. Morrison Street, Suite 900, Portland, OR 97204, telephone: (503) 889-8854, email: dsymes@littler.com, is appointed Special Master for the purpose managing and supervising discovery and resolving discovery disputes, including disputes concerning electronically-stored information, related to or arising out of Plaintiff's subpoena *duces tecum* served on Third-Party Biotronik, Inc. in the underlying case of *St. Jude Medical S.C., Inc. v. Louise Marie Janssen-Counotte*, Case No. A-14-CA-877-SS (W.D. Tex., Austin Div.).

2. The Court accepts the Special Master's declaration filed on March 23, 2015 (Dkt. 18), pursuant to Rule 53(b)(3)(A) of the Federal Rules of Civil Procedure.

3. Subject to the supervision of this Court, the Special Master shall have discretion to determine the procedures for resolution of all assigned matters and shall have the authority to take all measures to perform the assigned duties fairly and efficiently. The Special Master may, by order, impose any noncontempt sanction provided by Rule 37 or 45 of the Federal Rules of Civil Procedure and may recommend to the Court a contempt sanction, if appropriate.

4. The Special Master shall have access to the District of Oregon's electronic court files in this matter, including all documents filed under seal in the District of Oregon. Copies of any relevant and necessary documents may be provided to the Special Master by Plaintiff St. Jude Medical S.C., Inc., Defendant Louise Marie Janssen-Counotte, Third-Party Biotronik, Inc., or the Clerk of the Court for the District of Oregon.

5. Regarding paragraph 2(a)(iii) of the Confidentiality and Protective Order entered in the underlying case, the Special Master for Third-Party Discovery Concerning Biotronik, Inc. is part of this Court and, thus, is included within the scope of "any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation."

6. Absent prior agreement in writing signed by Plaintiff St. Jude Medical S.C., Inc., Defendant Louise Marie Janssen-Counotte, and Third-Party Biotronik, Inc., or their counsel, specifying the agreed-upon terms, conditions, and limitations, the parties (including Third-Party Biotronik, Inc.) shall not engage in any substantive *ex parte* discussions with the Special Master and the Special Master shall not engage in any substantive *ex parte* discussions with any of these parties. The Special Master may engage in substantive *ex parte* discussions with the Court, as needed and as appropriate.

7. Plaintiff St. Jude Medical S.C., Inc., Third-Party Biotronik, Inc., and the Special Master shall preserve and maintain for at least two years following the conclusion of the Special Master's assignment copies of all papers, emails, and other electronically-stored information provided to the Special Master for consideration (collectively, the "Special Master's Files"). At any time within this period, upon request by Plaintiff St. Jude Medical S.C., Inc., Defendant Louise Marie Janssen-Counotte, Third-Party Biotronik, Inc., the Special Master, this Court, or the court in the underlying principal case, a copy of the Special Master's Files, or any designated portion thereof, shall be filed with the Clerk of this Court, as directed by this Court.

8. Plaintiff St. Jude Medical S.C., Inc., Defendant Louise Marie Janssen-Counotte, or Third-Party Biotronik, Inc. may seek review of any ruling or decision of the Special Master in accordance with the procedures set forth in Rule 53(f) of the Federal Rules of Civil Procedure.

9. The Special Master shall be paid $445 per hour for work done pursuant to this Order and shall be reimbursed for all reasonable expenses incurred. The Special Master shall bill Plaintiff St. Jude Medical S.C., Inc. and Third-Party Biotronik, Inc. on a monthly basis for fees and disbursements, and those bills shall be promptly paid 50% by St. Jude Medical S.C., Inc. and 50% by Biotronik, Inc. Either this Court at the conclusion of the pending discovery dispute or the underlying Court at the conclusion of the entire lawsuit may determine whether any of the amounts paid to the Special Master will continue to be borne on this 50/50 basis or should be reallocated as fair and appropriate. The Special Master may recommend reallocation for any reasonable basis, including the conduct of St. Jude Medical S.C., Inc. or Biotronik, Inc.

10. The Special Master shall file with the Clerk of the Court for the District of Oregon in this matter periodic status reports, not less frequently than once per month, reporting on the status of this assignment. The Special Master shall also file a final report with this Court upon the conclusion of this assignment.

11. Pursuant to Rule 53(b)(2)(E), this Order may be amended at any time after notice to the parties (including Biotronik, Inc.) and an opportunity to be heard.

12. The Special Master is directed to proceed with all reasonable diligence to complete the tasks assigned by this Order. The Special Master shall promptly convene a conference of counsel, by telephone or otherwise as the Special Master shall direct.

**IT IS SO ORDERED**.

DATED this 23rd day of March, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 4 – ORDER APPOINTING SPECIAL MASTER