IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ST. JUDE MEDICAL S.C., INC.**, | Case No. 3:15-mc-00099-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | (Principal case pending in U.S. District Court, Western District of Texas, Austin Div., Case No. A-14-CA-877-SS) |
| **LOUISE MARIE JANSSEN-COUNOTTE**, | |
| Defendant, | |
| and | |
| **BIOTRONIK, INC.**, | |
| Third-Party Subpoena Recipient. | |

Paul A. C. Berg, COSGRAVE VERGEER KESTER LLP, 888 S.W. Fifth Avenue, Suite 500, Portland, OR 97204; Stephen M. Nickelsburg, CLIFFORD CHANCE US LLP, 2001 K Street NW, Washington, DC 20006-1001. Of Attorneys for Plaintiff.

Sean Donahue, DONAHUE & ASSOCIATES, One S.W. Columbia Street, Suite 1625, Portland, OR 97258-2021; Ned H. Bassen and Charles W. Cohen, HUGHES HUBBARD & REED LLP, One Battery Park Plaza, New York, NY 1004. Of Attorneys for Third-Party Subpoena Recipient Biotronik, Inc.

No appearance was entered by Defendant Louise Marie Janssen-Counotte.

PAGE 1 – OPINION AND ORDER

**Michael H. Simon, District Judge.**

For the reasons that follow, St. Jude Medical S.C., Inc.'s Motion To Provide St. Jude A Copy Of The Special Master's Ex Parte Order Requiring Production Of Documents And/Or To Unseal The Order (Dkt. 58) is DENIED.

## BACKGROUND

In a case pending in federal court in Austin, Texas, Plaintiff, St. Jude Medical S.C., Inc. ("St. Jude" or "Plaintiff"), has sued Defendant, Louise Marie Janssen-Counotte, for theft and threatened misappropriation of trade secrets and other confidential information, among other claims. Ms. Janssen-Counotte was a high-ranking officer and employee of Plaintiff's European affiliate. On July 1, 2014, Ms. Janssen-Counotte left her employment with Plaintiff's European affiliate to become the President for U.S. operations of Biotronik, Inc. ("Biotronik"), the U.S. affiliate of one of Plaintiff's principal global competitors, the Biotronik Group. In a forensic review of the computer equipment used by Ms. Janssen-Counotte shortly before she left her employment with St. Jude's European affiliate, St. Jude discovered evidence that Ms. Janssen-Counotte had copied, emailed, and downloaded what St. Jude contends are among its most competitively sensitive trade secrets and other confidential information.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, St. Jude served on Biotronik, Defendant's new employer and the U.S. affiliate of the Biotronik Group, a third-party subpoena for documents and electronically-stored information ("ESI"). St. Jude moved for an order compelling Biotronik to comply with that subpoena, including documents held by the Biotronik Group, and Biotronik objected on several grounds. The Court granted St. Jude's motion in part and appointed a Special Master to consider several of Biotronik's specific objections in more detail and to work with the parties efficiently and fairly to ensure the production of all relevant and non-privileged ESI required to be produced under the subpoena and related court orders.

PAGE 2 – OPINION AND ORDER

As part of his work, the Special Master reviewed *in camera* binders of documents provided by Biotronik. By email dated September 19, 2015, the Special Master explained his findings and conclusions to counsel for St. Jude and Biotronik and directed Biotronik to produce certain documents to St. Jude. The Special Master also gave Biotronik an opportunity to object. In a telephone hearing with the parties, St. Jude consented to a limited *ex parte* procedure to be conducted on the record between the Special Master and Biotronik that would allow Biotronik to present its objections without revealing information protected by the attorney-client privilege in the event that the Special Master agreed with Biotronik's objections.

Biotronik presented its objections to the Special Master, and the Special Master concluded that certain documents were not entitled to the protections afforded by the attorney-client privilege. In order to provide Biotronik with the opportunity to present to the Court any objections by Biotronik to the Special Master's findings on this issue, the Special Master filed *in camera* and under seal a "Special Master's Order Requiring Production of Certain Documents Identified During Special Master's *In Camera* Inspection." Dkt. 49. In that Order, the Special Master explained his reasons for concluding that an exception to the attorney-client privilege applied to portions of some of the documents.

On November 24, 2015, the Court held a status conference with counsel for St. Jude and Biotronik. As discussed on the record, Biotronik explained that it had not yet decided whether to object to the Special Master's Order or simply to provide to St. Jude the documents that the Special Master directed be provided. Biotronik said that it would make this decision by December 4, 2015, which was the deadline for Biotronik to file any objections to the Special Master's Order. Dkt. 53. Biotronik also asked the Court at this conference whether, if Biotronik decided simply to comply with the Special Master's Order, the Court would be willing to keep

PAGE 3 – OPINION AND ORDER

the Special Master's Order, which reflects the Special Master's analysis for why an exception to the attorney-client privilege was found, *in camera* and under seal. The Court said that it would. On December 4, 2015, Biotronik informed the Court and St. Jude that Biotronik would comply with the Special Master's Order by providing the directed documents, with redactions approved by the Special Master, to St. Jude. Biotronik provided the documents to St. Jude, and St. Jude has reviewed them. St. Jude now moves the Court to obtain access to the Special Master's Order.

### DISCUSSION

In its motion, St. Jude states:

> The documents produced pursuant to the Order, even in heavily redacted form, make clear that *Ms. Janssen worked with her former lawyers in September 2014 to craft a false and misleading affidavit regarding her copying of St. Jude information and destruction of a thumb drive, in order to avoid having a temporary restraining order or preliminary injunction entered against her in the Texas litigation*. They also expose false testimony that she has given since then. Due to the inconsistencies between the story she told her lawyers in the produced communications and in affidavits, interrogatory responses, and court testimony, Ms. Janssen's conduct and credibility will continue to be a core issue in the underlying case.

Dkt. 58, at 6 (emphasis added). Thus, St. Jude has no need to see the Special Master's Order to understand the basis for the Special Master's conclusion directing that certain documents be produced. Instead, St. Jude argues that without knowing "what the Special Master decided – either in favor of or against St. Jude – [it] cannot take steps to address these decisions with this Court or on appeal."

St. Jude then explains its specific concern:

> This is not a theoretical issue. It is apparent even from the heavily-redacted production that the scope of the Order presents significant questions. For example, the portions of these communications that are visible to St. Jude reveal that a European Biotronik executive, Christian Bluemel, participated in the communications with Ms. Janssen and her lawyers. (See Exhibit 1,

PAGE 4 – OPINION AND ORDER

> BI0-00024875 to BI0-00024891; Exhibit 2, BI0-00024894 to BI0-00024900; Exhibit 3, BI0-00024901 to BI0-00024912.) Mr. Bluemel did not have an attorney-client relationship with those lawyers and his participation in the communications likely waived the privilege. Yet much of the production - including emails that Mr. Bluemel sent and received - is redacted. Without access to the Special Master's Order, St. Jude cannot understand why Biotronik was permitted to make these redactions and lacks the information needed to challenge this and potentially other aspects of the Special Master's decisions.

Dkt. 58, at 6-7. St. Jude continues:

> The redacted communications that Biotronik produced also show that a third party was involved in these discussions, waiving any claim of privilege. Specifically, Mr. Bluemel was copied on Ms. Janssen's communications with her lawyers about the content of her first declaration and he participated in the decision to conceal the information about the July 1, 2014 Thumb Drive. (Exhibits 1-3.) Mr. Bluemel's participation waives the privilege as to all of these communications, many of which Biotronik has nonetheless redacted.

Dkt. 58, at 13.

To the extent that St. Jude desires to press its argument before this Court that the fact that Mr. Bluemel was copied on communications between Ms. Janssen and her lawyers waives the attorney-client privilege on the entirety of those communications, St. Jude is welcome to do so and has leave of Court to present that argument. There is nothing, however, in the Special Master's Order that addresses this issue. The Special Master accepted Biotronik's argument based on a joint defense privilege, and the Special Master then devoted all of his analysis to waiver an exception applied to otherwise privileged communications, even assuming that the privilege had not been waived by disclosure to a third party.

Moreover, any argument by St. Jude to this Court that the joint defense privilege does not apply will be consider *de novo* by this Court. Thus, there is no prejudice to St. Jude by not having access to the Special Master's Order because Biotronik chose to comply with that Order,

PAGE 5 – OPINION AND ORDER

rather than object. There simply is nothing else in that Order that is adverse to St. Jude, and St. Jude has a privilege log that it can use to support any further objections that Biotronik is improperly withholding documents.

## CONCLUSION

St. Jude Medical S.C., Inc.'s Motion To Provide St. Jude A Copy Of The Special Master's Ex Parte Order Requiring Production Of Documents And/Or To Unseal The Order (Dkt. 58) is DENIED. Now that St. Jude has a privilege log, St. Jude has leave to file with the Court within 14 days any specific objections that it may have arguing that Biotronik may have improperly redacted portions of a document or may have improperly withheld any document under the attorney-client privilege. Any such objections will be decided by the undersigned. Before St. Jude files any such objection, however, it must first confer in good faith with opposing counsel. *See* LR. 7-1.

**IT IS SO ORDERED**.

DATED this 8th day of January, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 6 – OPINION AND ORDER